IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-21000
Summary Calendar

_____

KATHERINE D. DIXON,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
(H-94-CV-1277)

_____

January 6, 1997
Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

GARWOOD, Circuit Judge:

Katherine D. Dixon appeals the judgment upholding the final decision of the Commissioner denying disability insurance benefits and/or a period of disability.

The ALJ did not err by refusing to reopen a 1984 decision

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

disposing of a previous application (even assuming, *arguendo*, that the ALJ's ruling in this respect was ultimately prejudicial to Dixon, which has not been shown). Dixon cannot demonstrate a colorable constitutional claim that her rights were violated as there is no evidence that her failure to appeal the initial adverse determination was due to actual reliance on any defective language in the notice of the initial determination (this is also true respecting the 1980 determination). *Torres v. Shalala,* 48 F.3d 887, 893 (5th Cir. 1995). The ALJ did not err by determining that Dixon was not disabled during the relevant period. Substantial evidence supported this determination, and the ALJ applied the correct legal standards in making his credibility determinations regarding the testimony of Dixon, her treating physician, and the medical expert. *See Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987); *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987); *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). Finally, this Court will not consider Dixon's argument that the ALJ failed to establish a full and fair record regarding her alleged psychological problems, as she did not raise this argument either before the Appeals Council or before the district court. This Court does not consider issues raised for the first time in an appeal of a social security case. *See Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir. 1983).

2

AFFIRMED